MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FABRIC SELECTION, INC., a California corporation,

Plaintiff,

vs.

KARMAN, INC., a Colorado corporation; ZULILY, LLC, a Delaware limited liability company; and DOES 1 through 10, Inclusive,

Defendants.

Case No. 2:16-cv-08203

**COMPLAINT FOR:**
**(1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Fabric Selection, Inc. (“**Plaintiff**” or “**Fabric Selection**”) hereby alleges as follows:

**PARTIES**

1. Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant Karman, Inc. (“**Karman**”) is a corporation organized and existing under the laws of the State of Colorado, doing business nationwide, including in this



resch polster & berger llp

judicial district. Plaintiff is further informed and believes that Karman is an importer and/or wholesaler of apparel in the business of selling garments and apparel to retailers.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Zulily, LLC ("**Zulily**") is a limited liability company organized and existing under the laws of the State of Delaware, doing business nationwide, including within this judicial district. Plaintiff is further informed and believes that Zulily is an on-line retailer in the business of selling garments, apparel, and other goods to consumers.

4. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein. The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

5. Hereinafter defendants Karman, Zulily, and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

9. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE30349 (the "**Design**"). Attached hereto as Exhibit "1" is a true and correct copy of the Design.



resch polster & berger llp

10. On or about March 13, 2013, Fabric Selection obtained a Certificate of Registration for the Design from the United States Copyright Office, bearing registration number VAu 1-124-638. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for the Design (the "**Copyrighted Design**").

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – Against All Defendants)**

11. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 10 hereinabove, and incorporates them by reference as if fully set forth herein.

12. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Design (the "**Infringing Goods**").

13. Defendants have licensed, manufactured, sold and/or offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

14. Attached hereto as Exhibit 3, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of the Design; and (b) a close up of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design and the design affixed to the subject garment:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

resch polster & berger llp

| **Design** | **Garment** |
| --- | --- |
|  |  |

15. On or around September 16, 2016, Fabric Selection sent cease and desist letters to Karman and to Zulily, demanding that they immediately discontinue their unauthorized manufacture, sale and distribution of the Infringing Goods, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods.

16. By Defendants' knowingly unauthorized licensing, manufacture, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Design.

17. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

18. Defendants' intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

19. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

resch polster & berger llp

20. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation.

## SECOND CLAIM FOR RELIEF

**(Contributory Copyright Infringement – Against All Defendants)**

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 hereinabove, and incorporates them by reference as if fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and profited from the illegal reproduction of Plaintiff's Design and/or subsequent sale of the Infringing Goods, as alleged above.

24. By Defendants' unauthorized duplication of the Design, and by their offering and accepting for sale and sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyright in the Design.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

26. By reason of Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

27. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

28. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

29. Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation.

**PRAYER**

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Design for any purpose, including but not limited to, use of the Design in attempting to sell and/or selling garments.

2. For order requiring the recall and destruction of all garments infringing upon the Design.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design and/or contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act.

4. For attorneys' fees where allowed by law.

5. For such further and other relief as the Court deems just and proper.

Dated: November 3, 2016 RESCH POLSTER & BERGER LLP

By: /S/
MICHAEL C. BAUM
Attorneys for Plaintiff Fabric Selection, Inc.

resch polster & berger llp

resch polster & berger llp

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated: November 3, 2016 RESCH POLSTER & BERGER LLP

By: /S/
MICHAEL C. BAUM
Attorneys for Plaintiff Fabric Selection, Inc.